UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TERRY MARTELL, Plaintiff, v. MICHAEL J. ASTRUE, Commissioner of Social Security, Defendant. | No. CV 07-01570-VBK<br>MEMORANDUM OPINION AND ORDER<br>(Social Security Case) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.

After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and remanded for further hearing.

**ISSUES RAISED**

Plaintiff raises the following three issues:

1. Whether the ALJ properly assessed Plaintiff's severe impairments;
2. Whether the ALJ properly assessed Plaintiff's subjective symptoms and credibility;
3. Whether the ALJ erred in finding that Plaintiff can perform his past relevant work.

**INTRODUCTION**

Two of Plaintiff's treating physicians, one of whom is a rheumatologist, diagnosed Plaintiff with ankylosing spondylitis (hereinafter "A.S."). Plaintiff was seen by Dr. Jason on February 6, 2003. (AR 143-144.) Among Plaintiff's complaints were intermittent chest pains. (AR 143.) Dr. Jason assessed that Plaintiff suffered from severe muscle spasms, and ordered laboratory tests. (AR 144.) On March 19, 2003, Dr. Jason noted that Plaintiff's laboratory tests revealed he has a positive HLA-B 27, a markedly elevated SED rate, and an elevated C-reactive protein. He assessed probable A.S., with joint pains, chest wall pain, and muscle spasm, probably related to A.S. (AR 142.) Finally, in a report dated September 9, 2003, Dr. Jason assessed that Plaintiff has chronic A.S. and noted that, "this is a chronic condition that causes difficulty standing, sitting, and walking for prolonged periods of time. In his particular case, he has

episodes of severe pain and spasm in the chest wall and back." (AR 139, emphasis added.)

A second physician, Dr. Miller, has been treating Plaintiff between April 2002, and March 2005. (AR 199-202.) In a "Medical Questionnaire," Dr. Miller diagnosed A.S., along with other impairments, indicated that all the impairments are chronic and progressive, and described Plaintiff's symptoms as including chronic muscle, back, and joint pain, numbness and burning pain in all extremities. Dr. Miller opined that these symptoms require that Plaintiff must lie down during the day, as needed, for 15 to 30 minutes, and also resulted in severe limitations of his lifting and carrying abilities, ability to squat, climb and reach, grasping, and repetitive movements with his legs and feet. (Id.) At the hearing, the ALJ took testimony from a Medical Expert ("ME"), Dr. Mason. With regard to the issue of A.S., the ME reviewed the records, including those of Drs. Jason and Miller, and concluded that,

> "Then the other diagnosis, which is odd, is [A.S.]. And that was based primarily just upon having a positive HLAV-27 antigen response. And I don't think you can make that diagnosis without radiographic evidence to support it... So that is still questionable. And it would be progressive, and he would be showing physical signs of loss of spinal motion, loss of expansion of his chest, and perhaps involvement of his hips or shoulders. So we have then –– to summarize, he has... [A.S.] questionable, ..."

(AR 292, emphasis added.)

In his decision, the ALJ acknowledged the conclusions of Drs.

Jason and Miller as to Plaintiff's A.S., but concluded that Plaintiff does not suffer from A.S. The ALJ relied upon the consulting examination ("C.E.") performed by internist Dr. Bader, who after performing a physical examination found no abnormalities. (AR 18, 154-158.) Similarly, the ALJ relied upon the M.E.'s testimony, interpreting it as concluding that a diagnosis of A.S. was "questionable... (there was insufficient work-up to make an actual diagnosis...)." (AR 19.)

**ANALYSIS**

Under Social Security law, Plaintiff must be disabled to qualify for benefits. 42 U.S.C. §§423(a)(1)(E), 1382(a)(1). A disability results from a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §423(e)(1)(A). A physical or mental impairment is one that results from abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§423(d)(3), 1382c(a)(3)(D).

Social Security Ruling ("SSR") 96-4p provides an explanation of what is required to demonstrate a medically determinable impairment. Under that regulation, an impairment may not be established on the basis of symptoms alone. (See also 20 C.F.R. §§404.1508, 416.908.) Thus, manifestations of symptoms which are demonstrated by medically acceptable clinical diagnostic techniques constitute medical "signs" rather than simply "symptoms." (SSR 96-4p, 20 C.F.R. §§404.1528(a)-(b), 416.928(a)-(b).)

In Plaintiff's case, the Court must determine whether substantial evidence demonstrates that his treating physicians relied upon

acceptable clinical diagnostic techniques in determining that Plaintiff suffered from A.S. Dr. Jason relied upon the positive antigen test (referred to as HLA-B27) and also noted that Plaintiff had elevated C-reactive protein, elevated SED rate, diffuse aches and pains in the joints and muscles, chest wall, and back. (AR 139.) The ME believed that the diagnosis made by Dr. Jason was "based primarily just upon having a positive HLAV-27 antigen response."[1] (AR 291.) It would appear, although there is some ambiguity, that the ME did not consider the other clinical findings referenced by Dr. Jason to be relevant to the diagnosis of A.S., but he did not so specify. Indeed, the ME did not reject a diagnosis of A.S., but found that it is "still questionable." (AR 292.) The ME determined that there should be certain clinical observations present (see, Id.), but failed to note Dr. Jason's specific statement that in Plaintiff's particular case, he has "episodes" of severe pain and spasm in the chest wall and back. (AR 139.)

Further, while the ALJ extensively relied upon the CE performed by internist Dr. Bader, the Court notes that although Dr. Bader acknowledged reviewing records of previous physicians which diagnosed A.S., he did not reject such a diagnosis. Dr. Bader did not obtain x-rays which, according to the ME, are "characteristic for [diagnosing] [A.S.]." (AR 294.)

Thus, the record is left in an ambiguous state. Two of Plaintiff's physicians, one of whom is a rheumatologist, specifically diagnosed A.S., along with associated symptoms, noting that they are episodic in Plaintiff's case, and that they are supported by a

---

[1] The Court assumes that the ME was referencing the HLA-B27 antigen results reported by Dr. Jason.

particular positive blood antigen test. The record further seems to indicate that A.S. is associated with such a positive result. Moreover, the subjective symptoms which may characterize A.S., reported by his physicians, were corroborated by Plaintiff in his own testimony at the hearing before the ALJ. (See AR at 284, et seq.)[2]

The ambiguity in this record is such that the ALJ did not have substantial evidence to conclude that Plaintiff does not have A.S., nor does the record form a sufficient basis for the ALJ to have rejected Plaintiff's subjective symptoms. Plaintiff did bring forth medical evidence, not just self-reported symptoms. These evaluations are consistent with Plaintiff's reported symptoms from this impairment, which, if found credible, would be relevant to the assessment of his RFC.

Ultimately, there is no evidence in the record which can be relied on as a sufficient or substantial basis to reject a diagnosis of A.S. This record is ambiguous, and needs further development. In this case, a CE must be obtained from a qualified rheumatologist, who can opine, after examination, and after performing whatever clinical tests are required, whether Plaintiff has A.S., and if so, identify any associated symptoms. See Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001). In that case, as in this case, the ALJ relied upon testimony of an ME which was equivocal. (Id. at 1150.) That equivocation largely formed the basis for the Ninth Circuit's holding that the record needed to be further developed. (Id. at 1151.) Here, Plaintiff produced medical evidence from physicians that he suffered

---

[2] The ALJ discounted Plaintiff's subjective symptoms in a credibility assessment (Issue 2), and indeed, formulated a Residual Functional Capacity ("RFC") which ignored those symptoms. (See AR at 22, Finding 6.)

from an impairment which, episodically, caused symptoms which would be relevant to an assessment of his RFC. The assessment of Plaintiff's RFC, and the ALJ's depreciation of Plaintiff's credibility based on a prior conclusion that he does not suffer from A.S., cannot withstand substantial evidence scrutiny at this time.

For the foregoing reasons, this matter will be remanded for further development of the record consistent with this Memorandum Opinion.

**IT IS SO ORDERED.**

DATED: July 22, 2008

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE